IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LACI N. BLANCHARD, Individually, and as next friend of W.B., Surviving minor child of RONNIE P. BLANCHARD, JR. | §<br>§<br>§<br>§ | |
| *Plaintiffs* | §<br>§ | Civil Action No. 4:22-cv-2420 |
| v. | §<br>§ | |
| SANARE ENERGY PARTNERS LLC | §<br>§<br>§ | |
| *Defendant.* | § | |

## FIRST AMENDED COMPLAINT

NOW INTO COURT through undersigned counsel comes LACI N. BLANCHARD, Individually, and as next friend of W.B., the surviving minor child of RONNIE P. BLANCHARD, JR. ("Plaintiff"), complaining of SANARE ENERGY PARTNERS LLC; ALL COAST, LLC; and SBS ENERGY SERVICES, LLC and for cause of action would respectfully show the Court the following:

### I.

### NATURE OF ACTION

1.      This case arises out of negligent conduct that caused serious injuries, and eventually death, to Mr. Ronnie P. Blanchard, Jr. ("Mr. Blanchard") while he was working offshore. These claims are brought via this survival action for Laci N. Blanchard's injuries, suffering, and death, and via this wrongful death action for W.B.'s own damages from Mr. Blanchard's death.

## II.

### JURISDICTION AND VENUE

2.      Plaintiff brings these claims under the Jones Act and General Maritime law. In the alternative, if the Court determines the Jones Act and General Maritime law do not apply, Plaintiff brings these claims under OCSLA and Louisiana law.

3.      Venue is proper pursuant to 28 U.S.C. § 1391, because one or more Defendants in this case resides in this state and within this District.

4.      Venue in this Court is proper if OCSLA and Louisiana law controls this case. However, if the Jones Act and General Maritime apply to this case, venue would be proper in state court where this case was removed from. After adequate discovery, Plaintiff respectfully reserves the right to challenge federal jurisdiction.

## III.

### PARTIES

5.      Plaintiff Laci N. Blanchard ("Mrs. Blanchard") is a resident of Louisiana. Mrs. Blanchard is the mother of W.B., a minor, and was at all material times the wife of Mr. Blanchard, deceased.

6.      Defendant Sanare Energy Partners, LLC ("Sanare") has already appeared in this case and can be served through counsel of record.

7.      Defendant All Coast, LLC ("All Coast") is a Louisiana limited liability company with a principal place of business located in Lafayette, Louisiana. This Defendant can be served with process through its registered agent, Matthew A. Moeller, The Moeller Firm, LLC, 650 Poydras Street, Suite 1207, New Orleans, LA 70130.

8.      Defendant SBS Energy Services, LLC ("SBS") is a Louisiana limited liability company with a principal place of business in Covington, Louisiana. This Defendant may be served through its registered agent, Northwest Registered Agent, LLC, 5900 Balconies Drive, Suite 100, Austin, Texas 78731.

## IV.

### FACTS

9.      This lawsuit is necessary as a result of personal injuries and death suffered by Mr. Blanchard on or about March 25, 2022. On or about this time, Plaintiff was working for Defendant SBS as a Jones Act seaman, and assigned to the LB SWORDFISH, a vessel owned and operated by Defendant ALL COAST.

10.     Mr. Blanchard had just recently started a new job and spent the vast majority of his time working offshore assigned to the LB SWORDFISH. Mr. Blanchard would sleep on the LB SWORDFISH and perform a substantial amount of his work from the LB SWORDFISH.

11.     At the time of the incident, Mr. Blanchard was working on equipment associated to an offshore worksite owned and/or operated by Defendant SANARE. Specifically, Plaintiff was performing work associated to a blowout preventer and pipe jack assembly weighing approximately 120,000 pounds. While Mr. Blanchard was working, a portion of the equipment collapsed and toppled over into the ocean as it was being erected on a caisson in the Gulf of Mexico. Tragically, Mr. Blanchard was attached to the assembly at the time it collapsed and, as a result, was dragged and trapped below the surface of the water. He was caused to suffered tremendous fright and fear as he was dragged into the water and ultimately drowned. It was

not until days later that search and rescue divers were able to locate and recover Mr. Blanchard's body from beneath the waters of the Gulf of Mexico.

**V.**

**CLAIMS**

**A.    Negligence against Defendants SANARE and ALL COAST.**

12.    Plaintiff repeats and re-alleges each allegation contained above.

13.    Plaintiff's claims against Defendants SANARE and ALL COAST arise under the General Maritime law.[1]

14.    The proximate, contributing, and legal causes of Plaintiff's injuries and Mr. Blanchard's death include the negligence of Defendants SANARE and ALL COAST. Plaintiff was not at fault.

15.    Defendants SANARE and ALL COAST were negligent for the following non-exclusive reasons:

      a.  Unsafe work practices relating to requiring Plaintiff and other workers to work at dangerous heights on unstable equipment;

      b.  Unsafe work practices relating to planning the job in question;

      c.  Failure to approve of an adequate JSA for the job by the owner/operator of the caisson;

      d.  Failure to adequately erect and stabilize offshore equipment;

---

[1] If it is determined that the Jones Act and General Maritime law does not apply to this case, Plaintiff alternatively brings claims of negligence against these Defendants under Louisiana law. The allegations, however, are substantively similar.

e.  Failure to have adequate safety precautions in place in the event of equipment failure and/or collapse

f.  Failure to utilize appropriate crane equipment to safely perform the tasks at hand;

g.  Failure to adequately inspect equipment prior to requiring Plaintiff work at height while attached the such equipment;

h.  Failure to perform an adequate hazard assessment for the job in question;

i.  Failure to properly supervise the job in question;

j.  Failure to have adequate policies and procedures for the job in question;

k.  Failure to exercise stop work authority;

l.  Failure to honor stop work authority;

m.  Failure to identify safer means to inspect the equipment;

n.  Failure to warn and advise Plaintiff of the risks relating to the job in question;

o.  Failure to configure the equipment in a safe manner to allow Plaintiff to be able to work at heights safely;

p.  Failure to inspect the equipment that failed and fell into the ocean;

q.  Failure to provide adequate safety equipment;

r.  Failure to provide a safe working environment;

s.  Instructing SBS workers to perform work in an unsafe manner;

t.  Failure to warn Plaintiff of hidden dangers;

u.  Violation of applicable rules and regulations, including but not limited to United States Coast Guard Regulations; and

5

v.   Other acts deemed negligent.

16.    Further, SANARE is liable for the negligence of ALL COAST and SBS because SANARE controlled the work of ALL COAST and SBS.

17.    Defendants owed a duty consistent with the foregoing and breached each of the foregoing duties. These breaches were the proximate, contributing, and legal cause of Plaintiff's injuries and Mr. Blanchard's death. As a result of Defendants' negligence Plaintiff suffered severe injuries and the death of Mr. Blanchard. Mrs. Blanchard was the wife of Mr. Blanchard, and W.B. is the minor child of Mr. Blanchard and are entitled to recover for Mr. Blanchard's damages via the survival action established LA. CIV. CODE art. 2315.1. Plaintiff is also entitled to recover for the death of Mr. Blanchard via the wrongful death action established in LA. CIV. CODE art. 2315.2.

**B.     Negligence and Substantial Certainty against Defendant SBS.**

18.    Plaintiff repeats and re-alleges each allegation contained above.

19.    Plaintiff's claims against Defendant SBS arise under the Jones Act and General Maritime law.[2]

20.    The proximate, contributing, and legal causes of Plaintiff's injuries and Mr. Blanchard's death include the negligence, conduct of Defendant SBS that made Plaintiff's injuries and the underlying incident substantially certain to occur. Plaintiff was not at fault.

21.    Defendant SBS was negligent and for the following non-exclusive reasons:

---

[2] If it is determined that the Jones Act and General Maritime law does not apply to this case, Plaintiff brings claims of negligence against these Defendants under Louisiana law. Specifically, Plaintiff invokes, in the alternative, the doctrine of substantial certainty under Louisiana law as an exception to the workers' compensation exclusive remedy doctrine.

a.  Violations of OSHA regulations, including but not limited to 29 C.F.R. 1926 and 29 C.F.R. 1910, among others;

b.  Failing to recognize the work being performed at heights on unsafe equipment in question as a hazard in both the planning and actual operations stages;

c.  Unsafe work practices relating to issuing permits for the job in question;

d.  Unsafe work practices relating to requiring Plaintiff and other workers to work at dangerous heights on unstable equipment;

e.  Unsafe work practices relating to planning the job in question;

f.  Failure to approve of an adequate JSA for the job in question as required under OCSLA;

g.  Failure to have adequate safety precautions in place in the event of equipment failure and/or collapse

h.  Failure to ensure appropriate and available crane/lifting equipment was utilized in the underlying job;

i.  Failure to adequately inspect equipment prior to requiring Plaintiff work at height while attached the such equipment;

j.  Failure to perform an adequate hazard assessment for the job in question;

k.  Failure to properly supervise the job in question;

l.  Failure to have adequate policies and procedures for the job in question;

m. Failure to adequately inspect the equipment in question that fell into the ocean;

n.  Failure to exercise stop work authority;

o.  Failure to honor stop work authority;

p.  Failure to identify safer means to inspect the equipment;

q.  Failure to warn and advise Plaintiff of the risks relating to the job in question;

r.  Failure to configure the equipment in a safe manner to allow Plaintiff to be able to work at heights safely;

s.  Failure to provide adequate safety equipment;

t.  Failure to provide a safe working environment;

u.  Instructing Plaintiff and other SBS workers to perform work in an unsafe manner;

v.  Instructing and/or authorizing the Plaintiff to perform work in an unsafe manner;

w.  Failure to warn Plaintiff of hidden dangers;

x.  Violation of applicable rules and regulations, including but not limited to United States Coast Guard Regulations; and

y.  Other acts deemed negligent and grossly negligent.

22.    Additionally, and in the alternative, the incident sued hereupon was substantially certain to occur. The dangerous nature and manner of work being performed made it substantially certain that the equipment would collapse and/or fail while Mr. Blanchard was tied off to the equipment. Further, the Defendant SBS—as a contractor was hired to perform the work in question—knew of the substantial dangers with sending Mr. Blanchard to work at great heights while tied off to dangerous equipment that was not adequately secured or inspected, and knew that an incident of this sort was substantially certain to occur yet proceeded, nevertheless. Specifically, some of the non-exclusive reasons this incident was substantially certain to occur are:

a.  This type of incident should never occur with adequate job plaining and pre-job assessments.

8

b. SBS owed a non-delegable duty to Mr. Blanchard to keep him safe and provide him a safe work environment.

c. By working on raised equipment at heights in the ocean without adequate inspections, planning, and safety measures, the type of incident that occurred is completely foreseeable and would occur only in a matter of time.

d. The conditions Mr. Blanchard was working in created an environment where it was not an "if" the incident would occur but a "when" the incident would occur based on the extreme levels of risk.

e. When working offshore at heights all efforts should be taken to minimize the amount of height workers are subject to. That was not adequately done in this case.

f. SBS knew of all of these risks, yet proceeded with the work, placing Mr. Blanchard in a position where it was only a matter of time before an incident like this occurred causing serious injury or death.

23.    Defendant SBS owed a duty consistent with the foregoing and breached each of the foregoing duties. These breaches were the proximate, contributing, and legal cause of Mr. Blanchard's injuries and death. As a result of Defendant SBS' negligence, and conduct that made this incident substantially certain to occur, Mr. Blanchard suffered severe physical injury, resulting in his death. Mrs. Blanchard was the wife of Mr. Blanchard and is entitled to recover for Mr. Blanchard's damages via the survival action established LA. CIV. CODE art. 2315.1. Plaintiff is also entitled to recover for the death of Mr. Blanchard via the wrongful death action established in LA. CIV. CODE art. 2315.2.

## VI.

## PRAYER FOR RELIEF

24.     As a direct and proximate result of Defendants' conduct, Mr. Blanchard suffered

severe and permanent injuries which caused his death. Plaintiff, as tutrix for Mr. Blanchard's

minor child, W.B., brings this action for Mr. Blanchard's pre-death damages, which include,

but are not limited to, physical pain and suffering, mental pain, anguish, and distress, loss of

enjoyment of life, impairment, loss of earnings, and medical expenses.

25.     Plaintiff, as tutrix for Mr. Blanchard's minor child, W.B., also seeks recovery

of W.B.'s damages resulting from Mr. Blanchard's death, including, but not limited to,

damages for loss of love, affection, consortium, society, companionship, care, nurture,

guidance, monetary support, and for medical and funeral expenses.

26.     WHEREFORE, Plaintiff prays that Defendants be cited to appear and answer

this Complaint and that after due proceedings be had, that there be relief and judgment entered

herein against Defendants as pleaded above and as follows:

        a.  Compensatory damages against Defendants;

        b.  Actual damages;

        c.  Consequential damages;

        d.  Pain and suffering;

        e.  Past and future mental anguish;

        f.  Impairment;

        g.  Past and future economic loss;

        h.  Interest on damages (pre and post-judgment) in accordance with the law;

        i.  Recoverable court costs; and

    j.   Such other and further relief as the Court may deem just and proper.

## VII.

### <u>RESERVATION OF RIGHTS</u>

27.    Plaintiff reserves the right to prove the amount of damages at trial and to amend this Complaint to add additional claims upon further discovery and as investigation continues.

## VIII.

### <u>JURY TRIAL DEMAND</u>

28.    Plaintiff hereby demands a trial by jury.

Respectfully Submitted,

ARNOLD & ITKIN LLP

Kurt Arnold
SBN:  24036150
karnold@arnolditkin.com
Caj Boatright
SBN: 24036237
cboatright@arnolditkin.com
Roland Christensen
SBN: 24101222
rchristensen@arnolditkin.com
Adam Lewis
SBN: 24094099
alewis@arnolditkin.com
6009 Memorial Drive
Houston, TX  77007
Tel: 713.222.3800
Fax: 713.222.3850
e-service@arnolditkin.com

-AND-

Joe Drennan
SBN: 24080652
joe@dlflawfirm.com

11

Wendell H. Langdon, III
SBN: 24080116
wlangdon@dlflawfirm.com
DRENNAN LANGDON & FIDEL, LLP
1001 Main Street, Suite 706
Lubbock, TX 79401

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been electronically filed through the Court's CM/ECF system, which will send notification of electronic filing to all counsel of record on August 16, 2022.

*/s/ Roland Christensen*
Roland Christensen