**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

**LACI N. BLANCHARD, Individually,
and as next friend of W.B., Surviving
minor child of
RONNIE P. BLANCHARD, JR.**

     *Plaintiffs*       **Civil Action No. 4:22-cv-2420**

**v.**

**SANARE ENERGY PARTNERS LLC, et al**

    *Defendants*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**<u>ANSWER BY SBS ENERGY SERVICES, LLC
TO THE SECOND AMENDED COMPLAINT</u>**

  SBS Energy Services, LLC, named a defendant in this action, responds as follows to the Second Amended Complaint of Plaintiffs Laci N. Blanchard, individually and as next friend of W.B., surviving minor child of Ronnie P. Blanchard, Jr:

1.

  Regarding paragraph 1 of the First Amended Complaint, SBS admits that the plaintiffs have made the allegations as stated, but SBS specifically denies any and all liability in this action and asserts lack of subject matter jurisdiction.

2.

  Paragraph 2 of the First Amended Complaint states legal conclusions rather than allegations of fact. To the extent that an answer is nonetheless required, all contentions are denied. SBS specifically denies that the decedent was a Jones Act seaman. OCSLA governs the claim and renders the LHWCA applicable. SBS, through its insurance carrier, has been paying and continues to pay LHWCA death benefits to Mrs. Blanchard and the minor child. To date, Plaintiffs have received over $120,000 in death benefits.

3.

Paragraph 3 does not contain allegations of fact, only assertions of law. SBS has elected not to challenge venue at this time in the interest of moving this action forward but reserves the right to seek transfer on grounds of forum non conveniens and reserves the right to seek dismissal of Plaintiff's claims for lack of subject matter jurisdiction.

4.

Paragraph 4 likewise does not contain allegations of fact, only assertions of law. SBS denies that the Jones Act and general maritime law apply to this claim, as stated previously, and will oppose any attempt by Plaintiffs to challenge federal jurisdiction.

5.

Regarding Paragraph 5, SBS admits that it contracted an MSA with Sanare and pleads the MSA as the best evidence of its terms and conditions. SBS denies all other allegations of this Paragraph due to the characterizations that have been made. Specifically, SBS does not agree that the MSA is sufficient to create general jurisdiction for an accident that occurred off the southeast coast of Louisiana, and SBS does not agree that it has continuous and substantial contacts with the forum state such that it is generally subject to jurisdiction in Texas. SBS has nevertheless decided not to contest personal jurisdiction in this action only, so that all claims may be unified in a single proceeding and may move to resolution through motion, trial, or settlement. SBS reserves the right to challenge general personal jurisdiction in any other matters not pertaining to this lawsuit and consents to personal jurisdiction in this action only.

6.

Regarding Paragraph 6, SBS does not dispute the allegations regarding the martial and family relationship of Mrs. Blanchard and her child, but specifically denies all liability herein, except for death benefits, as stated.

7.

Paragraph 7 pertains to another defendant.

8.

Paragraph 8 pertains to another defendant.

9.

Regarding Paragraph 9, SBS acknowledges service herein.

10.

Except to admit that Mr. Blanchard was working for SBS on or about March 25, 2022, and suffered an accident that caused his death, all allegations of Paragraph 10 are denied.

11.

Except to admit that Mr. Blanchard had recently started a new job for SBS, all allegations of Paragraph 11 are denied.

12.

SBS does not dispute that Mr. Blanchard was working on a Sanare structure on the Outer Continental Shelf and met his death when the structure collapsed into the Gulf of Mexico. All other factual allegations of Paragraph 12 are denied pending further discovery.

13.

Paragraphs 13 through 18 of the First Amended Complaint pertain to other defendants, and thus an answer is not required from SBS, except that SBS joins with Sanare and AllCoast in denying the applicability of the Jones Act and general maritime law and in asserting the applicability of OCSLA.

14.

All allegations of Paragraphs 19 through 24 are denied.

15.

Paragraphs 25 through 28 constitute prayers for relief, but any factual allegations, express or implied, are denied, and SBS reiterates its denial of liability in this action.

16.

Regarding Paragraph 29, SBS denies the right to further amend or assert additional complaints unless the court specifically allows it, but SBS will reserve the right to object and to assert new defenses if any new claims are allowed.

17.

Regarding Paragraph 30, SBS reserves the right to object to trial by jury on any issues not so triable, and SBS reiterates that it is not amenable to suit in this action and is immune from suit in tort by operation of OSCLA and the LHWCA.

18.

And now, affirmatively pleading, SBS asserts first and foremost that Plaintiffs have no right of action in tort against SBS, that their exclusive remedy is Longshore death benefits, that SBS is immune from suit in tort by operation of the OSCLA and LHWCA, that this Court lacks subject matter jurisdiction over any claims against SBS, and Plaintiffs have failed to state a claim upon which relief may be granted.

19.

To the extent that SBS is found amenable to suit in tort, SBS denies all liability and hereby asserts the right to a credit for all LHWCA death benefits paid to Plaintiffs and to recoup such payments out of any tort recovery by Plaintiffs against other defendants.

20.

SBS affirmatively pleads that the accident was caused in whole or in part by the fault of the decedent, and any recovery should be denied or reduced accordingly.

21.

SBS affirmatively pleads that the accident was caused in whole or in part by third persons over whom SBS has no control and for whom SBS is not liable.

22.

SBS affirmatively pleads the doctrines of waiver and estoppel due to Plaintiffs continued acceptance and receipt of LHWCA death benefits, which would not be due if Mr. Blanchard was a seaman.

23.

SBS further affirmatively pleads that its exclusive obligations to Plaintiffs have been discharged and are being discharged by ongoing payment of LHWCA death benefits.

WHEREFORE, SBS Energy Services, LLC requests that this answer be deemed good and sufficient and that after due proceedings this Court should render judgment against Plaintiffs and in favor of SBS, dismissing all claims by Plaintiffs against SBS, with prejudice, at Plaintiffs' cost.

Respectfully submitted:

LeBAS LAW OFFICES,
(A Professional Law Corporation)

 /s/ Henry H. LeBas
HENRY H. LEBAS   LA#23185/TX LA#23185
Attorney-in-Charge for SBS Energy Services,
LLC

TODD A. DELCAMBRE LA #23710/TX#595215
Co-Counsel for SBS Energy Services, LLC

LeBas Law Offices, APLC
2 Flagg Place, Suite 1
Lafayette, Louisiana 70508
Telephone: 337-236-5500
Facsimile: 337-236-5590
Email: hlebas@lebaslaw.com
Email: todddelcambre@lebaslaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing pleading has this day

been forwarded to all known counsel of record via email transmission.

New Orleans, Louisiana this 26th day of March 2024.

             /s/Henry H. LeBas
             HENRY H. LeBAS