IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LACI N. BLANCHARD, Individually and as next friend of W.B., surviving minor child of RONNIE P. BLANCHARD, JR.<br><br>*Plaintiffs*<br><br>v.<br><br>SANARE ENERGY PARTNERS LLC<br><br>*Defendant*. | CIVIL ACTION NO. 4:22-cv-2420 |

**SBS ENERGY SERVICES, LLC'S ANSWER TO
THIRD PARTY COMPLAINT OF SANARE ENERGY PARTNERS LLC**

Defendant, SBS Energy Services, LLC ("SBS"), submits this answer to the Third Party Complaint filed against it by Sanare Energy Partners LLC ("Sanare"), and states as follows:

**PARTIES**

1. The allegations in Paragraph 1 are denied for lack of sufficient information to justify a belief therein.

2. The allegations in Paragraph 2 are admitted.

**JURISDICTION AND VENUE**

3. The allegations in Paragraph 3 constitute a conclusion of law which do not require a response on the part of SBS; however, to the extent a response is deemed necessary, the allegations are admitted.

4. The allegations in Paragraph 4 are denied except to admit only that the Court has specific jurisdiction over SBS.

5. The allegations in Paragraph 5 are admitted.

#102171409v2

## FACTS

6. The allegations in Paragraph 6 are admitted.

7. The allegations in Paragraph 7 are admitted.

8. The allegations in Paragraph 8 are admitted.

9. The allegations in Paragraph 9 are admitted.

10. The allegations in Paragraph 10 are admitted.

11. The allegations in Paragraph 11 do not require a response on the part of SBS; however, to the extent that a response is deemed necessary, the allegations are admitted.

## CAUSES OF ACTION

12. In response to the allegations in Paragraph 12, SBS re-alleges and re-avers its answers and responses to the preceding paragraphs.

13. The allegations in Paragraph 13 are admitted.

14. The allegations in Paragraph 14, including all sub-parts, are denied.

15. The allegations in Paragraph 15 are denied.

16. The allegations in Paragraph 16 are denied.

17. In response to the allegations in Paragraph 17, SBS re-alleges and re-avers its answers and responses to the preceding paragraphs.

18. The allegations of Paragraph 18 are admitted.

19. The allegations of Paragraph 19, including all sub-parts, are denied.

20. The allegations of Paragraph 20 are denied.

21. The allegations of Paragraph 21 are denied.

22. In response to the allegations in Paragraph 22, SBS re-alleges and re-avers its answers and responses to the preceding paragraphs.

23. The allegations in Paragraph 23 are denied.

24. The allegations in Paragraph 24 are denied.

25. The allegations in Paragraph 25 are denied.

26. The allegations in Paragraph 26 are denied.

27. In response to the allegations of Paragraph 27, SBS re-alleges and re-avers its answers and responses to the preceding paragraphs.

28. The allegations in Paragraph 28, including all sub-parts, are denied.

29. The allegations in Paragraph 29 are denied.

30. In response to the allegations of Paragraph 30, SBS re-alleges and re-avers its answers and responses to the preceding paragraphs.

31. The allegations in Paragraph 31 are denied.

32. The allegations in Paragraph 32 are denied.

33. The allegations in Paragraph 33 are denied.

34. The allegations in Paragraph 34 are denied.

35. The allegations in Paragraph 35 are denied.

36. In response to the allegations of Paragraph 36, SBS re-alleges and re-avers its answers and responses to the preceding paragraphs.

37. The allegations in Paragraph 37 are denied.

38. The allegations in Paragraph 38 are denied.

39. SBS specifically denies that Sanare is entitled to the relief sought in its Prayer for relief.

**AFFIRMATIVE DEFENSES**

40. The acts and omissions of third parties for whom SBS is not responsible were superseding, intervening or independent causes of the underlying incident giving rise to the claims asserted in Sanare's Third Party Complaint against SBS.

41. SBS did not know, and in the exercise of reasonable care, could not have known, of any alleged act or omission on its part of which Sanare alleges in its Third Party Complaint.

42. SBS denies that it or any one for whom it may be responsible is guilty of any negligence, gross negligence, strict liability, want of due care or other legal fault, including any breach of warranty, that constituted a proximate cause of the underlying incident giving rise to the claims alleged in Sanare's Third Party Complaint against SBS.

43. SBS specifically pleads the affirmative defense of comparative fault/contributory negligence on the part of other parties, including Sanare, with respect to the underlying incident giving rise to the claims asserted in Sanare's Third Party Complaint against SBS.

44. SBS is entitled to contribution from Sanare for any damages paid by SBS in connection with the underlying incident giving rise to the claims asserted in Sanare's Third Party Complaint against SBS.

45. SBS is entitled to recover attorneys' fees from Sanare as a result of Sanare's breach of its obligations and warranties in accordance with the Master Service Agreement between Sanare and SBS.

Respectfully submitted,

**JONES WALKER LLP**

*/s/ Edward F. LeBreton*
EDWARD F. LEBRETON
TX Bar No. 00789066
SDTX No. 23016
elebreton@joneswalker.com
R. SCOTT JENKINS
LA Bar No. 23144
*Pro Hac Vice Pending*
Jones Walker LLP
201 St. Charles Avenue, Suite 5100
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8000
Facsimile: (504) 582-8583

AND

HANNAH A. MAYFIELD
TX Bar No. 24115036
SDTX No. 3608924
hmayfield@joneswalker.com
Jones Walker LLP
811 Main Street, Suite 2900
Houston, Texas 77002
Telephone: (713) 437-1800
Facsimile: (713) 437-1810

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of April, 2024, the above and foregoing pleading has been electronically filed through the Court's CM/ECF system, which will send notification of electronic filing to all counsel of record.

*/s/ Edward F. LeBreton*
EDWARD F. LEBRETON