IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LACI N. BLANCHARD, Individually and as next friend of W.B., Surviving Minor Child of RONNIE P. BLANCHARD, JR. § § § § *Plaintiffs*, § § v. § SANARE ENERGY PARTNERS, LLC, § et al., § § *Defendants*. § | § § § § § § § § § § § § § | Civil Action No. 4:22-cv-2420 |

**PLAINTIFFS' OPPOSITION TO MOTION TO
STRIKE BY SBS ENERGY SERVICES, LLC (DKT. 130)**

### STATEMENT OF THE ISSUES

Defendant SBS Energy Services, LLC, moved for summary judgment arguing that Decedent Ronnie Blanchard is not a Jones Act seaman and that Plaintiff Laci Blanchard cannot bring a substantial certainty claim against SBS, Mr. Blanchard's employer. Plaintiff responded with argument and evidence opposing both points and showing that there are fact issues as to Mr. Blanchard's seaman status and that Ms. Blanchard's substantial certainty claims have merit.

SBS has now moved to strike almost the entirety of Plaintiff's response and most of the exhibits to the extent Plaintiff's arguments, or the evidence discuss liability. As to the evidence, documents and deposition testimony that "could be reduced to a form admissible at trial" is properly considered at the summary judgment stage. *Heller v. Shahroodi*, No.

CV H-17-2544, 2019 WL 1556315, at *3 (S.D. Tex. Feb. 20, 2019) (citing *Arora v. Starwood Hotels & Resorts Worldwide, Inc.*, 294 F. App'x 159, 161 (5th Cir. 2008) (per curiam)). Moreover, Plaintiff's arguments and the evidence in the record are directly relevant to the Jones Act seaman and substantial certainty issues.

The issue here, then, is simple, do SBS's evidentiary objections have merit?

## SUMMARY OF THE ARGUMENT

As the Court knows, this case arises from the death of Ronnie Blanchard, a Jones Act seaman who was tragically killed when a hydraulic workover unit attached to a wellhead off the coast of Louisiana tipped over dragging Mr. Blanchard (who was tied off near the top of the unit) into the Gulf where he drowned. SBS Energy Services was hired by the well owner to switch out the production tubing of the well. Plaintiff Laci Blanchard has brought claims individually and on behalf of her husband and minor child for Mr. Blanchard's death. Ms. Blanchard alleges that SBS is liable for its grossly negligent conduct that caused the incident.

In its motion for summary judgment SBS argues that Mr. Blanchard was not a Jones Act seaman and that Plaintiff cannot hold SBS liable under a substantial certainty exception. SBS cited evidence and deposition testimony in support of its arguments. Plaintiff filed a response wherein she laid out the facts of the case that raise genuine issues as to Mr. Blanchard's seaman status and establish the legality of and factual basis for her substantial certainty claims. SBS alleges that the arguments and evidence go beyond the scope of its motion. SBS has now moved to strike the arguments and evidence based on various evidentiary objections.

But the Court should deny SBS's motion for two reasons.

*First*, SBS did not comply with this Court's procedures when it filed its motion. SBS did not confer with Plaintiff and did not include a certificate of conference as required. SBS's objects to almost every exhibit, including several exhibits intended to act as placeholders for confidential documents produced in the case. Had SBS conferred with Plaintiff beforehand, some of the objections could have been resolved. But SBS chose to ignore the Court's procedures and file the motion as is. Accordingly, the Court should strike the motion or deny it on its face due to SBS's blatant disregard for this Court's procedures.

*Second*, SBS's evidentiary objections have no merit. SBS argues that the documents cited by Plaintiff and the deposition testimony included as exhibits to the response contain hearsay, are irrelevant, are unauthenticated, and so on. Primarily, SBS argues that the Court should not consider any arguments or evidence going to the substantial certainty issue. But these objections fall short. For starters, Courts in the Fifth Circuit have repeatedly emphasized that district courts can consider evidence on summary judgment if the evidence can be reduced to a form admissible at trial. Such is the case here. The issues also raised in SBS's motion compelled Plaintiff to cite evidence opposing SBS's arguments that Plaintiff has no claims under a substantial certainty theory. In short, the evidence and argument is properly before the Court and should not be stricken or excluded for scope or evidentiary reasons.

For these two reasons, the motion should be denied.

## ARGUMENT

**1. The Court should strike SBS's motion because it does not comply with the Court's local rules.**

To begin, the Court should deny SBS's evidentiary objections and the motion to strike because SBS did not comply with the Court's Procedures that require parties to confer with opposing counsel before filing *any* motion.

Court Procedure 6(C)(1) states that "Counsel . . . must make serious and timely efforts to confer with opposing counsel on ***all motions*** to try to reach agreements on the relief requested." (Motion Practice, § 6(C)(1)) (emphasis added).

Court Procedure 6(C)(2) further provides that:

> ***All motions*** **must contain a certificate of conference** stating that counsel . . . have conferred regarding the substance of the relief requested, and stating whether the relief is opposed or denied. **In circumstances where opposition remains uncertain, the party filing the motion must make at least two attempts to ascertain whether the relief is opposed, and must provide a certificate of conference stating the number of attempts made to contact the opposing party**, the method of those attempts (i.e., fax, e-mail, telephone call, postal mail), the date and time of the attempts, and the results obtained thereby. Even motions that may be unopposed, joint, or agreed by two or more parties require a certificate of conference.

(Motion Practice, § 6(C)(2)) (emphasis added).

Here, SBS did not make a single attempt to confer with Plaintiff on the evidentiary objections SBS raises in its motion to strike. SBS for example, objects to certain confidential documents that Plaintiff did not file out of an abundance of caution and in compliance with the protective order. These are documents that were produced by the parties during discovery. SBS knows what the documents are and is fully aware of their

4

contents. If SBS had conferred with Plaintiff, the parties could easily have come to a resolution. But SBS chose to file its motion without conferring with Plaintiff. Plus, SBS did not include a certificate of conference so there is no documentation of any efforts to reach out to Plaintiff.

In short, the motion does not comply with this Court's procedures and should be stricken outright or denied in its entirety on its face.

**2. SBS's evidentiary objections have no merit.**

Even still, SBS's evidentiary objections on their own have no merit. SBS has objected to 20 out of 22 exhibits. That includes lengthy (but not specific) objections to 9 of the 10 depositions cited in Plaintiff's response. Many of these witnesses are either SBS employees or individuals identified by SBS in its discovery responses as having "actual knowledge" of the incident. *See* Ex. 1: SBS Resp. to Sanare Interrogatories, at 2-5 (identifying Percy Lormand, Brent Granger, Robert Bray, Brent Lavergne, Kelvin Brereton, Matthew Gaudet, Travis Brown, and Mitchell Paul Fanguy as persons with "actual knowledge" of the incident).

SBS takes issue with Plaintiff "citing only those pages to the Court" that serve to "present a slanted picture" of the incident and SBS's involvement. But in doing so, Plaintiff was following Court Procedure 7(B) that requires parties to provide "[c]opies of supporting affidavits, deposition testimony *excerpts*, and other evidence relied upon in the motion, brief, or memorandum" in separately filed appendices. *See* (Motions and Memoranda of Law, § 7(B)) (emphasis added). But even more important, this is not an objection "that the material cited . . . cannot be presented in a form that would be admissible in evidence" as

5

is required by Rule 56—yet another reason to deny SBS's motion to strike. FED. R. CIV. P. 56(c)(2).

The real crux of SBS's objections, however, is that according to SBS, Plaintiff's response includes arguments and cites evidence outside the scope of the motion for summary judgment. This argument is also meritless. Again, in its motion, SBS challenged Mr. Blanchard's status as a Jones Act seaman and argued that Plaintiff cannot bring claims against SBS under the substantial certainty exception.

In response, Plaintiff properly cited documents and testimony that raise fact issues on Mr. Blanchard's seaman status. And Plaintiff presented argument, testimony, and evidence related to the substantial certainty issue. The briefing properly responded to SBS's legal arguments that included citations to several cases about substantial certainty. In order to properly respond to case-specific arguments, Plaintiff needed to provide evidence to the Court showing how this case compares to the cases cited by SBS. As discussed in Plaintiff's response, the substantial certainty exception is both a legal and fact-intensive issue. Plaintiff tried to offer the Court the full picture on which it could make its decision. Thus, SBS's scope arguments should be denied.

But even on the merits, SBS's evidentiary objections carry little weight and are easily dismissed. Indeed, the evidence cited by Plaintiff in her response is exactly the type of evidence the summary judgment rules contemplate. *See* FED. R. CIV. P. 56(c)(1)(A) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those

made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]"). Plaintiff responds to the objections as follows:

- **Exhibits 2–5 and 11**: First, SBS objects to Plaintiff's exhibits 2 through 5 and 11. SBS argues that these exhibits should be stricken because Plaintiff cited placeholders for the exhibits not the exhibits themselves. Again, out of an abundance of caution, and to protect the confidential information of the defendants, Plaintiff did not file the exhibits and will provide them to the Court on request. These exhibits generally serve the purpose of background information on the incident. They are documents that have been produced in the case.

  For example, Exhibit 2 is the Level 1 Inspection Report from the incident. It is cited on page 9 of Plaintiff's response. The exhibit demonstrates that only preliminary inspections were completed before SBS started the rigging process.

  Exhibits 3, 4, and 5 include email correspondence, the spool rental agreement, and a presentation about the Hardy spool. SBS chose to use the spool instead of other options that would have provided better support for the rig.

  Exhibit 11 is a "Persons on Board" document showing that Mr. Blanchard was assigned to the lift boat.

  Each of these documents can be (or already has been) authenticated and will be entered into evidence in compliance with the evidence rules at trial. Objections to these documents should be denied.

- **Exhibit 6**: Next, SBS objects to an email from Larry Foley, an engineer who was told by SBS owner Bobby Bray not to conduct wind load calculations for the project. It

can be authenticated at trial and is directly relevant to Mr. Bray's and SBS's knowledge of the hazardous condition and shows actions that constitute a conscious indifference to Mr. Blanchard's safety.

- **Exhibits 7–10**: Here, SBS objects to documents that go directly to Mr. Blanchard's status as a Jones Act seaman. SBS objects to these documents as unauthenticated hearsay and not probative of seaman status. The Court can make the determination as to the relevance and probative nature of the documents. Each document (the SBS Employee Status Form, Employee Affidavit, Arrival and Departure Log, and the All Coast POB chart) is relevant to the timeline, location, status, and details of Mr. Blanchard's employment. These are business records that have been produced in the case and will be entered into evidence in accordance with the rules of evidence at trial.

- **Exhibit 12**: Next, SBS objects to the Department of Labor First Report of Illness. This document is also relevant to seaman status. It is a government record that can be admitted into evidence under Federal Rule of Evidence 803(8).

\* \* \*

Finally, SBS objects to 9 of the 10 depositions cited by Plaintiff in her response (*see* Exhibits 13-20 and 22). Each objection carries many of the same flaws. Thus, SBS's objections here too should be denied.

In the Fifth Circuit, deposition testimony "is routinely admissible at summary judgment" because the "deponent can ordinarily be called or subpoenaed to testify at trial—meaning the evidence can be presented in an admissible form." *Duron v. Costco Wholesale Corp.*, No. EP-23-CV-324-KC, 2025 WL 957124, at *4 (W.D. Tex. Mar. 27, 2025). At the

summary judgment phase, relevance objections to deposition testimony "serve[] no purpose" because "no jury is present and the Court does not weigh evidence." *Id.* at *5. Again, "[t]he Fifth Circuit counsels that at the summary judgment stage, materials cited to support or dispute a fact need only be *capable* of being presented in a form that would be admissible in evidence." *Rios v. Homesite Ins. Co.*, No. 5:23-CV-00006, 2024 WL 4984446, at *7 (S.D. Tex. Sept. 26, 2024) (alterations and internal quotation marks omitted).

As noted above, eight of the nine witnesses SBS objects to have been identified by SBS as individuals who have "actual knowledge" of the incident. And in several cases, the witnesses are SBS employees (Matthew Gaudet, Brent Lavergne, Kelvin Brereton, Mitchell Fanguy, Travis Brown, and Bobby Bray), most of whom witnessed the incident and were part of the work. Based on this alone, SBS's personal knowledge objections fall flat.

SBS also repeatedly claims that these witnesses are lay witnesses that are offering improperly opinion testimony, or that their testimony is contradicted by other evidence in the record. "Rule 701 permits a lay witness to give opinion testimony when it is 'based on personal perception,' one 'that a normal person would form from those perceptions,' and would be 'helpful' to the fact finder." *Metro Hosp. Partners, Ltd. v. Lexington Ins. Co.*, 84 F. Supp. 3d 553, 563 (S.D. Tex. 2015). Even still, SBS does not cite to any specific testimony from a single witness that it claims is inadmissible, improper opinion testimony, or otherwise unreliable. Instead, SBS only offers conclusory, general statements against the testimony. These are not proper objections and should be denied for that reason as well.

To be sure, all SBS has done in its motion is provide additional references to testimony that are more properly construed as genuine issues of fact that should be resolved by the jury. Said differently, these are cross-examination arguments, not proper summary judgment evidence objections. The objections should be denied.

## CONCLUSION

The Court should deny SBS's motion to strike.

Respectfully submitted,

**ARNOLD & ITKIN LLP**

*/s/ Kurt Arnold*
Kurt Arnold
SBN:  24036150
karnold@arnolditkin.com
Caj Boatright
SBN: 24036237
cboatright@arnolditkin.com
Roland Christensen
SBN: 24101222
rchristensen@arnolditkin.com
Adam Lewis
SBN: 24094099
alewis@arnolditkin.com
6009 Memorial Drive
Houston, TX  77007
Tel: 713.222.3800
Fax: 713.222.3850
e-service@arnolditkin.com
rolandteam@arnolditkin.com

- and -

**DRENNAN LANGDON & FIDEL, LLP**

Joe Drennan

SBN: 24080652
joe@dlflawfirm.com
Wendell H. Langdon, III
SBN: 24080116
wlangdon@dlflawfirm.com
1001 Main Street, Suite 706
Lubbock, TX 79401

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing pleading has been electronically filed through the Court's CM/ECF system, which will send notification of electronic filing to all counsel of record on May 14, 2025.

*/s/ Kurt Arnold*
Kurt Arnold
