**ARNOLD & ITKIN**
TRIAL LAWYERS

July 25, 2025

<u>VIA ELECTRONIC E-SERVICE</u>
George C. Hanks, Jr.
United States District Judge
515 Rusk St., Room 6202
Houston, TX 77002

  Re: *Blanchard v. Sanare Energy Partners LLC, et al.*, Case No: 4:22-cv-02420

Dear Judge Hanks:

  The purpose of this letter is to request a pre-motion conference on Plaintiff's proposed motion to remand. Plaintiff originally filed a pre-motion letter on the same topic in August 2022. *See* Dkt. 12. The Court held a pre-motion conference on September 1, 2022. The Court ruled that Plaintiff could conduct discovery on Mr. Blanchard's seaman status to determine if a motion to remand was appropriate. *See* Dkt. 15. However, at that time there were other claims pending in the Court under OCSLA jurisdiction.

  Discovery has confirmed that on March 25, 2022, Mr. Blanchard was working for SBS Energy Services, LLC as a Jones Act seaman assigned to the LB SWORDFISH. Mr. Blanchard had just recently started a new job and spent most of his time working offshore. He slept on the LB SWORDFISH and performed most of his work there.

  Now that the Court has approved the minor settlement and Plaintiff has settled all claims against all parties except for SBS Energy, remand is appropriate for the remaining claims against SBS Energy. Sanare Energy Partners originally removed the case based on OSCLA and that has been the sole basis for jurisdiction. Sanare has settled its claims, therefore, the original basis for removal is no longer relevant. And there is no other basis for federal jurisdiction.

  Plaintiff will argue in her motion to remand that her Jones Act and general maritime claims against SBS Energy should be heard in state court, her chosen forum. As the Court knows, Jones Act seaman status is a fact-intensive issue that is generally a jury question. *See e.g.*, *McDermott Intern., Inc. v. Wilander*, 498 U.S. 337, 355 (1991) (noting that "seaman status under the Jones Act is a question of fact for the jury"); *Becker v. Tidewater, Inc.*, 335 F.3d 376, 386 (5th Cir. 2003), as revised (July 24, 2003) (stating that "whether an injured worker is a seaman under the Jones Act is a mixed question of law and fact and it is usually inappropriate to take the question

from the jury"); *Starks v. Advantage Staffing, LLC*, 202 F. Supp. 3d 607, 616 (E.D. La. 2016) (explaining that "[t]he determination of a plaintiff's seaman status is typically a fact-intensive question for the jury"). Plaintiff anticipates that SBS Energy will challenge Mr. Blanchard's seaman status and the request to remand. But as Plaintiff has already shown in her response to SBS Energy's motion for summary judgment, discovery has confirmed Mr. Blanchard's seaman status, or at the least, the facts are enough to raise a jury question on the issue. Thus, the case should be remanded.

Additionally, even if Plaintiff's claims fall under Louisiana law, there is a lack of diversity (Plaintiff is a Louisiana resident and SBS Energy is a Louisiana limited liability company with its members citizens of Louisiana). *See Wachovia Bank, N.A. v. PICC Prop. & Cas. Co. Ltd.*, 328 Fed. Appx. 946, 947 (5th Cir. 2009) (citing 28 U.S.C. § 1447(c) for the proposition that "§ 1447(c) [requires] that '[i]f any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded'").

In short, under either the Jones Act and general maritime law or complete diversity, this Court lacks jurisdiction and should remand the case to state court. *See e.g.*, *Lackey v. Atl. Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993). This is especially true when the only basis for federal jurisdiction was Sanare's removal under OCSLA, which is no longer part of this case.

Finally, given the fact that the Court must determine if it has jurisdiction prior to making further substantive rulings, Plaintiff respectfully requests a ruling on her motion to remand prior to any other substantive rulings in this case.

Plaintiff has conferred with SBS Energy, and it is opposed to a motion to remand. But SBS Energy does understand Plaintiff's position on the matter.

Plaintiff is willing to attend, and hopeful that the Court will call, a telephonic or in-person conference to discuss the issues presented here. Any guidance from the Court on these issues is much appreciated.

Sincerely,

ARNOLD & ITKIN LLP

Kurt Arnold

# ARNOLD & ITKIN
TRIAL LAWYERS

SBN:  24036150
karnold@arnolditkin.com
Roland Christensen
SBN: 24101222
rchristensen@arnolditkin.com
Adam Lewis
SBN: 24094099
alewis@arnolditkin.com
6009 Memorial Drive
Houston, TX  77007
Tel: 713.222.3800
Fax: 713.222.3850
e-service@arnolditkin.com
RolandTeam@arnolditkin.com

-AND-

Joe Drennan
SBN: 24080652
joe@dlflawfirm.com
Wendell H. Langdon, III
SBN: 24080116
wlangdon@dlflawfirm.com
DRENNAN LANGDON & FIDEL, LLP
1001 Main Street, Suite 706
Lubbock, TX 79401

Attorneys for Plaintiff Laci N. Blanchard